ORIGINAL

EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Drugs/Organized Crime

KENNETH M. SORENSON
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Ken.Sorenson@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 0 3 2006

at 11 o'clock and 25 min. M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>HUGH DELA CRUZ,　　(01)<br><br>　　　　　Defendant. | CR. NO.  05-00050 (01) SOM<br><br>MEMORANDUM OF PLEA AGREEMENT<br><br>Date:  March 3, 2006<br>Time:  11:00 a.m.<br>Judge:  Barry M. Kurren |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, HUGH DELA CRUZ, and his attorney, Pamela Tower, agree to the following:

1.　Defendant acknowledges that he has been charged in the Indictment with violating Title 21, United States Code, Sections 846, 841(a)(1) & (b)(1)(A).

2.   Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.

3.   Defendant fully understands the nature and elements of the crimes with which he has been charged.

4.   Defendant will enter a voluntary plea of guilty to Count 1 of the Indictment charging him with conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers. In exchange for his plea to Count 1, the United States agrees to move to dismiss Count 2 of the Indictment at the time of Defendant's sentencing.

5.   Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.   Defendant agrees to enter this agreement and his plea because he is in fact guilty of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, and agrees that this plea is voluntary and not the result of force or threats.  Further, Defendant understands that he has been charged with an offense that requires the government to prove beyond a reasonable doubt to a jury that he is responsible for conspiring to distribute 50 grams or more of methamphetamine,

2

its salts, isomers, and salts of its isomers.  Defendant agrees

that he is knowingly responsible for conspiring to distribute 50

grams or more methamphetamine, its salts, isomers, and salts of

its isomers, and hereby waives any and all right

he has to have a jury determine drug type and weight beyond a

reasonable doubt.

     7.  Defendant understands that the penalties for the

offenses to which he is pleading guilty include:

          a.  a possible sentence of up to life imprisonment

with a mandatory minimum period of imprisonment of 10 years, a

fine of up to $4,000,000, plus a term of supervised release of

not less than five years and up to life,

          b.  At the discretion of the Court, defendant may

also be denied any or all federal benefits, as that term is

defined in 21 USC §862, (a) for up to five years if this is

defendant's first conviction of a federal or state offense

consisting of the distribution of controlled substances, or (b)

for up to ten years if this is defendant's second conviction of a

federal or state offense consisting of the distribution of

controlled substances.  If this is defendant's third or more

conviction of a federal or state offense consisting of the

distribution of controlled substances, the defendant is

permanently ineligible for all federal benefits, as that term is

defined in 21 USC §862(d).  In addition, the Court must impose a

$100 special assessment as to each count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

8.  Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

a.  On or about January 19, 2005, Francis Fau, Roderick Tuliao and George Yamashita mutually agreed to acquire methamphetamine from Defendant with the intent to further distribute the methamphetamine to a drug buyer known to George Yamashita.

b.  On or about January 21, 2005, Defendant, per an agreement with Francis Fau, distributed 406.9 grams of methamphetamine (actual) to Fau at the Hilton Hawaiian Village in Honolulu, Hawaii, with the understanding that the methamphetamine would be further distributed by Fau and others.

4

c.  Per his agreement with Tuliao and Yamashita, Fau distributed the 406.9 grams of methamphetamine, to Roderick Tuliao in downtown Honolulu on January 21, 2005.

d.  Later in the evening of January 21, 2005, Tuliao distributed all 406.9 grams of the previously described methamphetamine to George Yamashita, with the understanding that once Yamashita distributed the methamphetamine to his buyer, that Yamashita, Tuliao and Fau would be paid for the methamphetamine.

e.  Later in the evening of January 21, 2005, Yamashita distributed all 406.9 grams of the methamphetamine to a confidential informant working in conjunction with law enforcement.  This distribution occurred in a parking lot in downtown Honolulu.

9.  Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10.  Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

5

a.    The parties stipulate to the facts as set forth in paragraph 8 of this agreement.

b.    The parties agree that Defendant is responsible at least 150 grams, but less than 500 grams of methamphetamine (actual).

d.    The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea(s) constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant.  Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible.  The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11.  The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of

6

the presentence report, determine the facts relevant to sentencing.

12.   Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties identify the following facts that are in dispute for the purpose of sentencing of Defendant in connection with this matter:

a.   None known at the time of preparation of this agreement.

13.   The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

a.   The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

7

b.   If the Court in imposing sentence departs (as that term is used in Part K of the Sentencing Guidelines) upward from the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the upward departure portion of his sentence and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

c.   The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

14.   The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines.   The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

15.   The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary.   The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior

8

and accepting the agreement will not undermine the statutory
purposes of sentencing.

16.    Defendant understands that by pleading guilty he
surrenders certain rights, including the following:

a.    If Defendant persisted in a plea of not guilty
to the charges against him he would have the right to a public
and speedy trial.    The trial could be either a jury trial or a
trial by a judge sitting without a jury.    The Defendant has a
right to a jury trial.    However, in order that the trial be
conducted by the judge sitting without a jury, the Defendant, the
prosecution and the judge all must agree that the trial be
conducted by the judge without a jury.

b.    If the trial is a jury trial, the jury would
be composed of twelve laypersons selected at random.    Defendant
and his attorney would have a say in who the jurors would be by
removing prospective jurors for cause where actual bias or other
disqualification is shown, or without cause by exercising
peremptory challenges.    The jury would have to agree unanimously
before it could return a verdict of either guilty or not guilty.
The jury would be instructed that the Defendant is presumed
innocent, and that it could not convict him unless, after hearing
all the evidence, it was persuaded of his guilt beyond a
reasonable doubt.

      c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

      d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

      e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

      f. At a trial, Defendant would have a right to have the jury determine beyond a reasonable doubt the drug type and quantity (weight) of the controlled substance(s) charged in the indictment.

      17. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

10

18.  Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

19.  Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

20.  Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

21.  The Defendant agrees that he will fully cooperate with the United States.

a.  He agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving codefendants and others indicted later in the investigation, and related civil proceedings.

11

b.    Defendant agrees to be available to speak with law enforcement officials and to representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but he understands he may have his counsel present at those conversations, if he so desires.

c.    Defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes in this Indictment or any subsequent charges related to this investigation, at which the prosecution requests him to testify.

d.    Pursuant to § 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under § 1B1.8(b) of the Sentencing Guidelines.

22.    In the event that the Defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after Defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case in chief in the trial of the Defendant in this matter.    Defendant understands that this does not bar the use of information and

12

evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

23. Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense. Pursuant to Title 18, United States Code, Section 3553(e), the prosecution may also move the Court to impose a sentence below the level established by statute as a minimum sentence for Count 1 on the ground that Defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. Defendant understands that:

a. The decision as to whether to make such a request or motion is entirely up to the prosecution.

b. This Agreement does not require the prosecution to make such a request or motion.

c. This Agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

//

//

13

d.   Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the Guidelines or to impose a sentence below the minimum level established by statute.

DATED: March  3  , 2006, at Honolulu, Hawaii.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

_____
FLORENCE NAKAKUNI
Chief, Narcotics Section

_____
KENNETH M. SORENSON
Assistant U.S. Attorney

_____
HUGH DELA CRUZ
Defendant

_____
PAMELA TOWER
Counsel for Defendant

14