Westlaw.

West's Ann.Cal.Penal Code § 1210.1

▷

**Effective: October 11, 2001**

West's Annotated California Codes Currentness
  Penal Code (Refs & Annos)
    Part 2. Of Criminal Procedure (Refs & Annos)
      Title 8. Of Judgment and Execution
        Chapter 1. The Judgment (Refs & Annos)
          → § 1210.1. Possession of Controlled Substances; Probation; Exceptions [FN1]

(a) Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program. The court may also impose, as a condition of probation, participation in vocational training, family counseling, literacy training and/or community service. A court may not impose incarceration as an additional condition of probation. Aside from the limitations imposed in this subdivision, the trial court is not otherwise limited in the type of probation conditions it may impose. Probation shall be imposed by suspending the imposition of sentence.

In addition to any fine assessed under other provisions of law, the trial judge may require any person convicted of a nonviolent drug possession offense who is reasonably able to do so to contribute to the cost of his or her own placement in a drug treatment program.

(b) Subdivision (a) does not apply to either of the following:

(1) Any defendant who previously has been convicted of one or more serious or violent felonies in violation of subdivision (c) of Section 667.5 or Section 1192.7, unless the nonviolent drug possession offense occurred after a period of five years in which the defendant remained free of both prison custody and the commission of an offense that results in (A) a felony conviction other than a nonviolent drug possession offense, or (B) a misdemeanor conviction involving physical injury or the threat of physical injury to another person.

(2) Any defendant who, in addition to one or more nonviolent drug possession offenses, has been convicted in the same proceeding of a misdemeanor not related to the use of drugs or any felony.

(3) Any defendant who:

(A) While using a firearm, unlawfully possesses any amount of (i) a substance containing either cocaine base, cocaine, heroin, methamphetamine, or (ii) a liquid, nonliquid, plant substance, or hand-rolled cigarette, containing phencyclidine.

(B) While using a firearm, is unlawfully under the influence of cocaine base, cocaine, heroin, methamphetamine or phencyclidine.

(4) Any defendant who refuses drug treatment as a condition of probation.

(5) Any defendant who (A) has two separate convictions for nonviolent drug possession offenses, (B) has

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 2

West's Ann.Cal.Penal Code § 1210.1

participated in two separate courses of drug treatment pursuant to subdivision (a), and (C) is found by the court, by clear and convincing evidence, to be unamenable to any and all forms of available drug treatment. Notwithstanding any other provision of law, the trial court shall sentence such defendants to 30 days in jail.

(c) Within seven days of an order imposing probation under subdivision (a), the probation department shall notify the drug treatment provider designated to provide drug treatment under subdivision (a). Within 30 days of receiving that notice, the treatment provider shall prepare a treatment plan and forward it to the probation department. On a quarterly basis after the defendant begins the drug treatment program, the treatment provider shall prepare and forward a progress report on the individual probationer to the probation department.

(1) If at any point during the course of drug treatment the treatment provider notifies the probation department that the defendant is unamenable to the drug treatment being provided, but may be amenable to other drug treatments or related programs, the probation department may move the court to modify the terms of probation to ensure that the defendant receives the alternative drug treatment or program.

(2) If at any point during the course of drug treatment the treatment provider notifies the probation department that the defendant is unamenable to the drug treatment provided and all other forms of drug treatment programs pursuant to subdivision (b) of Section 1210, the probation department may move to revoke probation. At the revocation hearing, if it is proved that the defendant is unamenable to all drug treatment programs pursuant to subdivision (b) of Section 1210, the court may revoke probation.

(3) Drug treatment services provided by subdivision (a) as a required condition of probation may not exceed 12 months, provided, however, that additional aftercare services as a condition of probation may be required for up to six months.

→ (d) Dismissal of charges upon successful completion of drug treatment

(1) At any time after completion of drug treatment, a defendant may petition the sentencing court for dismissal of the charges. If the court finds that the defendant successfully completed drug treatment, and substantially complied with the conditions of probation, the conviction on which the probation was based shall be set aside and the court shall dismiss the indictment, complaint, or information against the defendant. In addition, except as provided in paragraphs (2) and (3), both the arrest and the conviction shall be deemed never to have occurred. Except as provided in paragraph (2) or (3), the defendant shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted.

(2) Dismissal of an indictment, complaint, or information pursuant to paragraph (1) does not permit a person to own, possess, or have in his or her custody or control any firearm capable of being concealed upon the person or prevent his or her conviction under Section 12021.

(3) Except as provided below, after an indictment, complaint, or information is dismissed pursuant to paragraph (1), the defendant may indicate in response to any question concerning his or her prior criminal record that he or she was not arrested or convicted for the offense. Except as provided below, a record pertaining to an arrest or conviction resulting in successful completion of a drug treatment program under this section may not, without the defendant's consent, be used in any way that could result in the denial of any employment, benefit, license, or certificate.

Regardless of his or her successful completion of drug treatment, the arrest and conviction on which the probation was based may be recorded by the Department of Justice and disclosed in response to any peace officer application request or any law enforcement inquiry. Dismissal of an information, complaint, or indictment under this section does not relieve a defendant of the obligation to disclose the arrest and conviction in response to any direct question contained in any questionnaire or application for public office, for a position as a peace officer as defined

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

West's Ann.Cal.Penal Code § **1210.1**

in Section 830, for licensure by any state or local agency, for contracting with the California State Lottery, or for purposes of serving on a jury.

(e) Violation of probation

(1) If probation is revoked pursuant to the provisions of this subdivision, the defendant may be incarcerated pursuant to otherwise applicable law without regard to the provisions of this section.

(2) Non-drug-related probation violations

If a defendant receives probation under subdivision (a), and violates that probation either by being arrested for an offense that is not a nonviolent drug possession offense, or by violating a non-drug-related condition of probation, and the state moves to revoke probation, the court shall conduct a hearing to determine whether probation shall be revoked. The court may modify or revoke probation if the alleged violation is proved.

(3) Drug-related probation violations

(A) If a defendant receives probation under subdivision (a), and violates that probation either by committing a nonviolent drug possession offense, or a misdemeanor for simple possession or use of drugs or drug paraphernalia, being present where drugs are used, or failure to register as a drug offender, or any activity similar to those listed in paragraph (1) of subdivision (d) of Section 1210, or by violating a drug-related condition of probation, and the state moves to revoke probation, the court shall conduct a hearing to determine whether probation shall be revoked. The trial court shall revoke probation if the alleged probation violation is proved and the state proves by a preponderance of the evidence that the defendant poses a danger to the safety of others. If the court does not revoke probation, it may intensify or alter the drug treatment plan.

(B) If a defendant receives probation under subdivision (a), and for the second time violates that probation either by committing a nonviolent drug possession offense, or a misdemeanor for simple possession or use of drugs or drug paraphernalia, being present where drugs are used, or failure to register as a drug offender, or any activity similar to those listed in paragraph (1) of subdivision (d) of Section 1210, or by violating a drug-related condition of probation, and the state moves for a second time to revoke probation, the court shall conduct a hearing to determine whether probation shall be revoked. The trial court shall revoke probation if the alleged probation violation is proved and the state proves by a preponderance of the evidence either that the defendant poses a danger to the safety of others or is unamenable to drug treatment. In determining whether a defendant is unamenable to drug treatment, the court may consider, to the extent relevant, whether the defendant (i) has committed a serious violation of rules at the drug treatment program, (ii) has repeatedly committed violations of program rules that inhibit the defendant's ability to function in the program, or (iii) has continually refused to participate in the program or asked to be removed from the program. If the court does not revoke probation, it may intensify or alter the drug treatment plan.

(C) If a defendant receives probation under subdivision (a), and for the third time violates that probation either by committing a nonviolent drug possession offense, or by violating a drug-related condition of probation, and the state moves for a third time to revoke probation, the court shall conduct a hearing to determine whether probation shall be revoked. If the alleged probation violation is proved, the defendant is not eligible for continued probation under subdivision (a).

(D) If a defendant on probation at the effective date of this act for a nonviolent drug possession offense violates that probation either by being arrested for a nonviolent drug possession offense, or a misdemeanor for simple possession or use of drugs or drug paraphernalia, being present where drugs are used, or failure to register as a drug offender, or any activity similar to those listed in paragraph (1) of subdivision (d) of Section 1210, or by violating a drug-related condition of probation, and the state moves to revoke probation, the court shall conduct a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 4

West's Ann.Cal.Penal Code § **1210.1**

hearing to determine whether probation shall be revoked. The trial court shall revoke probation if the alleged probation violation is proved and the state proves by a preponderance of the evidence that the defendant poses a danger to the safety of others. If the court does not revoke probation, it may modify probation and impose as an additional condition participation in a drug treatment program.

(E) If a defendant on probation at the effective date of this act for a nonviolent drug possession offense violates that probation a second time either by being arrested for a nonviolent drug possession offense, or a misdemeanor for simple possession or use of drugs or drug paraphernalia, being present where drugs are used, or failure to register as a drug offender, or any activity similar to those listed in paragraph (1) of subdivision (d) of Section 1210 , or by violating a drug-related condition of probation, and the state moves for a second time to revoke probation, the court shall conduct a hearing to determine whether probation shall be revoked. The trial court shall revoke probation if the alleged probation violation is proved and the state proves by a preponderance of the evidence either that the defendant poses a danger to the safety of others or that the defendant is unamenable to drug treatment. If the court does not revoke probation, it may modify probation and impose as an additional condition participation in a drug treatment program.

(F) If a defendant on probation at the effective date of this act for a nonviolent drug offense violates that probation a third time either by being arrested for a nonviolent drug possession offense, or by violating a drug-related condition of probation, and the state moves for a third time to revoke probation, the court shall conduct a hearing to determine whether probation shall be revoked. If the alleged probation violation is proved, the defendant is not eligible for continued probation under subdivision (a).

(f) The term "drug-related condition of probation" shall include a probationer's specific drug treatment regimen, employment, vocational training, educational programs, psychological counseling, and family counseling.

CREDIT(S)

(Added by Initiative Measure (Prop. 36, § 5, eff. July 1, 2001, approved Nov. 7, 2000). Amended by Stats.2001, c. 721 (S.B.223), § 3, eff. Oct. 11, 2001.)

[FN1] Section caption supplied by Prop. 36.

HISTORICAL AND STATUTORY NOTES

2004 Main Volume

Short title, findings and declarations, intent, operative effect, amendment provisions, and severability of Initiative Measure (Prop. 36), see Historical and Statutory Notes under Penal Code § 1210.

Stats.2001, c. 721 (S.B.223), in subd. (a), in the first paragraph, added the last sentence: "Probation shall be imposed by suspending the imposition of sentence."; in subd. (b)(3)(A), inserted "nonliquid,"; in subd. (c), in the introductory paragraph, in the third sentence, inserted "on the individual probationer"; rewrote subd. (c)(2); in subd. (d)(1), in the second sentence, inserted ", complaint," following "indictment" and, in the third sentence, substituted "except as provided in paragraphs (2) and (3), both the arrest and the conviction" for "the arrest on which the conviction was based"; in subd. (d)(2), inserted ", complaint," following "indictment"; in subd. (d)(3), in the first paragraph, in the first sentence, inserted ", complaint," following "indictment" and, in the second paragraph, in the second sentence, inserted ", complaint," following "information"; in subds. (e)(3)(A) and (e)(3)(B), in the first sentence, substituted "committing" for "being arrested for" and inserted ", or a misdemeanor for simple possession or use of drugs or drug paraphernalia, being present where drugs are used, or failure to register as a drug offender, or any activity similar to those listed in paragraph (1) of subdivision (d) of Section 1210 ,"; in subd. (e)(3)(C), in the first sentence, substituted "committing" for "being arrested for"; in subds. (e)(3)(D)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.