Westlaw.

West's Ann.Cal.Penal Code § **1203.4**

C

**Effective: October 07, 2005**

West's Annotated California Codes Currentness
 Penal Code (Refs & Annos)
  Part 2. Of Criminal Procedure (Refs & Annos)
   Title 8. Of Judgment and Execution
    Chapter 1. The Judgment (Refs & Annos)

→§ **1203.4**. Discharged petitioner; change of plea or vacation of verdict; dismissal of charge; release from penalties and disabilities; certificate of rehabilitation and pardon; application; pleading prior conviction in prosecution of subsequent offense; disclosure; firearms; reimbursement of costs; notice of petition for relief; pardon

(a) In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, except as provided in Section 13555 of the Vehicle Code. The probationer shall be informed, in his or her probation papers, of this right and privilege and his or her right, if any, to petition for a certificate of rehabilitation and pardon. The probationer may make the application and change of plea in person or by attorney, or by the probation officer authorized in writing. However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. The order shall state, and the probationer shall be informed, that the order does not relieve him or her of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State Lottery.

Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Section 12021.

This subdivision shall apply to all applications for relief under this section which are filed on or after November 23, 1970.

(b) Subdivision (a) of this section does not apply to any misdemeanor that is within the provisions of subdivision (b) of Section 42001 of the Vehicle Code, to any violation of subdivision (c) of Section 286, Section 288, subdivision (c) of Section 288a, Section 288.5, or subdivision (j) of Section 289, any felony conviction pursuant to subdivision (d) of Section 261.5, or to any infraction.

(c) A person who petitions for a change of plea or setting aside of a verdict under this section may be required to reimburse the court for the actual cost of services rendered, whether or not the petition is granted and the records

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 2

West's Ann.Cal.Penal Code § 1203.4

are sealed or expunged, at a rate to be determined by the court not to exceed one hundred twenty dollars ($120), and to reimburse the county for the actual cost of services rendered, whether or not the petition is granted and the records are sealed or expunged, at a rate to be determined by the county board of supervisors not to exceed one hundred twenty dollars ($120), and to reimburse any city for the actual cost of services rendered, whether or not the petition is granted and the records are sealed or expunged, at a rate to be determined by the city council not to exceed one hundred twenty dollars ($120). Ability to make this reimbursement shall be determined by the court using the standards set forth in paragraph (2) of subdivision (g) of Section 987.8 and shall not be a prerequisite to a person's eligibility under this section. The court may order reimbursement in any case in which the petitioner appears to have the ability to pay, without undue hardship, all or any portion of the cost for services established pursuant to this subdivision.

(d) No relief shall be granted under this section unless the prosecuting attorney has been given 15 days' notice of the petition for relief. The probation officer shall notify the prosecuting attorney when a petition is filed, pursuant to this section.

It shall be presumed that the prosecuting attorney has received notice if proof of service is filed with the court.

(e) If, after receiving notice pursuant to subdivision (d), the prosecuting attorney fails to appear and object to a petition for dismissal, the prosecuting attorney may not move to set aside or otherwise appeal the grant of that petition.

(f) Notwithstanding the above provisions or any other provision of law, the Governor shall have the right to pardon a person convicted of a violation of subdivision (c) of Section 286, Section 288, subdivision (c) of Section 288a, Section 288.5, or subdivision (j) of Section 289, if there are extraordinary circumstances.

CREDIT(S)

(Added by Stats.1935, c. 604, p. 1709, § 5. Amended by Stats.1941, c. 1112, p. 2815, § 1; Stats.1951, c. 183, p. 434, § 1; Stats.1961, c. 1735, p. 3744, § 1; Stats.1967, c. 1271, p. 3076, § 1; Stats.1970, c. 539, p. 1035, § 1; Stats.1971, c. 333, p. 667, § 1; Stats.1976, c. 434, p. 1110, § 1; Stats.1978, c. 911, p. 2870, § 1; Stats.1979, c. 199, p. 443, § 6; Stats.1983, c. 1118, § 1; Stats.1985, c. 1472, § 1; Stats.1989, c. 917, § 11; Stats.1994, c. 882 (A.B.1327), § 1; Stats.1997, c. 61 (A.B.729), § 1; Stats.2000, c. 226 (A.B.2320), § 1, eff. Aug. 28, 2000; Stats.2003, c. 49 (A.B.580), § 1; Stats.2005, c. 704 (A.B.439), § 3; Stats.2005, c. 705 (S.B.67), § 5, eff. Oct. 7, 2005.)

HISTORICAL AND STATUTORY NOTES

2006 Electronic Update

2005 Legislation

Stats.2005, c. 705 (S.B.67), in subd. (c), substituted "may be required to reimburse the court" for "may be required to reimburse the county"; and inserted "to be determined by the court not to exceed one hundred twenty dollars ($120), and to reimburse the county for the actual cost of services rendered, whether or not the petition is granted and the records are sealed or expunged, at a rate".

Section 8 of Stats.2005, c. 705 (S.B.67), provides:

"SEC. 8. This act is an urgency statute necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the Constitution and shall go into immediate effect. The facts constituting the necessity are: In order to implement the Budget Act of 2005, it is necessary for this act to take

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.