PAMELA O'LEARY TOWER #6152
1330 Pacific Tower
1001 Bishop Street
Honolulu, HI 96813
Telephone: (808) 526-9500
Facsimile: (808) 533-4588
Email: pamelatower@earthlink.net

Attorney for Defendant DELA CRUZ

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CR. NO. 05-00050 SOM |
|---|---|
| Plaintiff, | ) |
| vs. | ) DEFENDANT'S REPLY TO THE |
|  | ) PROBATION OFFICER'S |
| HUGH DELA CRUZ, | ) ADDENDUM TO PRESENTENCE |
|  | ) REPORT RE: CRIMINAL HISTORY |
| Defendant. | ) FILED 6/14/06; EXHIBIT "A"; |
|  | ) CERTIFICATE OF SERVICE |

DEFENDANT'S REPLY TO THE PROBATION OFFICER'S ADDENDUM TO
PRESENTENCE REPORT RE: CRIMINAL HISTORY FILED 6/14/06

COMES NOW Defendant, HUGH DELA CRUZ, by and through his counsel, PAMELA O'LEARY TOWER, and hereby replies to the probation officer's addendum to the presentence report filed 6/14/06 responding to his objection to the counting of his 2001 California drug conviction into his criminal history on the ground that it was not expunged but rather was a diversionary

disposition.

In her addendum, the probation officer states:

> Response: Pursuant to <u>United States v. Hayden</u> 255 F.d 768 (9thCir. 2001), a conviction set aside pursuant to California Penal Code § 1203.4 (PC 1203.4) is not "expunged" under U.S.S.G. § 4A1.2(j). The Appellate Court in Hayden determined that PC 1204.3 afforded more limited remedy, afforded "for reasons unrelated to innocence or errors of law" than "expungement."
>
> In this case, the defendant submits that his conviction was "expunged" pursuant to PC 1203.4. The defendant's prior conviction was set aside and the conviction dismissed, but it is not considered "expunged." The conviction was treated as a diversionary disposition and correctly assessed one criminal history point. Consequently, no changes are made to paragraphs 44, 50, 51, or 77.

Mr. Dela Cruz's 2001 California drug conviction was expunged pursuant to PC §1210.1(d) and not PC §1203.4. PC §1210.1(d) is the specific statute for expungement for drug convictions under Prop. 36 for drug offenders. Mr. Dela Cruz's 2001 drug offense was resolved pursuant to the mandate of Prop. 36 for the treatment of drug offenders, which takes its statutory form as PC §1210. The "Minutes" at Page 7 of the California docket sheet for the drug offense, attached as Exhibit A hereto, reflect: "THE COURT FINDS THE DEFENDANT TO NOW BE ELIGIBLE FOR THE PROVISIONS OF PC1210.1 – DEFENDANT WAS ADVISED OF THE RIGHTS FOR PC1210.1/PROP 36 TREATMENT."

The "Minutes" at Pages 3-4 reflect: "COURT HAS READ AND CONSIDERED PROBATION OFFICER'S REPORT. COURT FINDS THAT DEFENDANT HAS SUCCESSFULLY COMPLETED DRUG TREATMENT (next page) PROGRAM, THE CONVICTION IS ORDERED SET ASIDE AND CASE DISMISSED PER PC1210(D)." See Exhibit A.[1]

The probation officer's reliance on United States v. Hayden, 255 F.3d 768 (9th Cir. 2001) is misplaced. There the defendant had obtained expungements for two felony weapons offenses pursuant to PC §1203.4. 255 F.3d at 769. Mr. Dela Cruz's situation is completely different and is controlled by PC §1210.1.

PC 1210.1 states specifically:

> (d) Dismissal of charges upon successful completion of drug treatment
>
> At any time after completion of drug treatment, a defendant may petition the sentencing court for dismissal of the charges. If the court finds that the defendant successfully completed drug treatment, and substantially complied with the conditions of probation, the conviction on which the probation was based shall be set aside and the court shall dismiss the indictment, complaint, or information against the defendant. <u>In addition, except as provided in paragraphs (2) and (3), both the arrest and the conviction shall be deemed never to have occurred.</u> Except as provided in paragraph (2) or (3), the defendant shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted.

---

[1] The capitalization is in the docket sheet.

3

Dismissal of an indictment, complaint, or information pursuant to paragraph (1) does not permit a person to own, possess, or have in his or her custody or control any firearm capable of being concealed upon the person or prevent his or her conviction under Section 12021.

Except as provided below, after an indictment, complaint, or information is dismissed pursuant to paragraph (1), the defendant may indicate in response to any question concerning his or her prior criminal record that he or she was not arrested or convicted for the offense. Except as provided below, a record pertaining to an arrest or conviction resulting in successful completion of a drug treatment program under this section may not, without the defendant's consent, be used in any way that could result in the denial of any employment, benefit, license, or certificate.

Regardless of his or her successful completion of drug treatment, the arrest and conviction on which the probation was based may be recorded by the Department of Justice and disclosed in response to any peace officer application request or any law enforcement inquiry. Dismissal of an information, complaint, or indictment under this section does not relieve a defendant of the obligation to disclose the arrest and conviction in response to any direct question contained in any questionnaire or application for public office, for a position as a peace officer as defined in Section 830, for licensure by any state or local agency, for contracting with the California State Lottery, or for purposes of serving on a jury.

PC §1203.4 provides:

§ 1203.4. Discharged petitioner; change of plea or vacation of verdict; dismissal of charge; release from penalties and disabilities; certificate of rehabilitation and pardon; application; pleading prior conviction in prosecution of subsequent offense; disclosure; firearms; reimbursement of costs; notice of petition for relief; pardon

In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged

prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, except as provided in Section 13555 of the Vehicle Code. The probationer shall be informed, in his or her probation papers, of this right and privilege and his or her right, if any, to petition for a certificate of rehabilitation and pardon. The probationer may make the application and change of plea in person or by attorney, or by the probation officer authorized in writing. <u>However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed</u>. The order shall state, and the probationer shall be informed, that the order does not relieve him or her of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State Lottery.

Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Section 12021.

PC §1210(d)(1) is the statute specifically directed to the expungement of convictions for drug offenses brought pursuant to Prop. 36. Unlike PC §1203.4, it

specifically provides, with certain exceptions not relevant here, that the drug conviction once set aside shall be deemed to never have occurred. PC §1203.4 makes no such promise. More importantly, PC §1210(d)(1) "differs from section 1203.4 in a crucial respect: it <u>does not</u> contain section 1203.4's explicit exception for the use of the dismissed conviction in later prosecutions." <u>Hayden</u>, 255 F.3d at 773 (9th Cir. 2001)(emphasis added). Finally, statutory construction provides that the "specific" controls over the "general". <u>United States v. Fish</u>, 68 F.2d 1200, 1205 (citing to <u>Fourco Glass Co. v. Transmirra Prods. Corp.</u>, 353 U.S. 222, 228-29, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957) ( "Specific terms prevail over the general in the same or another statute which otherwise might be controlling." ); <u>Cal. ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States</u>, 215 F.3d 1005, 1013 (9th Cir.2000) ( "It is fundamental that a general statutory provision may not be used to nullify or to trump a specific provision")). Although the docket sheets for Mr. Dela Cruz's drug conviction reflect a motion pursuant to PC §1203.4, the case was dismissed by the court pursuant to PC §1210(d)(1).

Mr. Dela Cruz's 2001 California drug conviction was formally expunged pursuant to PC §1210.1(d). It cannot, therefore, be counted in his criminal history.

DATED: Honolulu, Hawaii, June 16, 2006.

_____
PAMELA O'LEARY TOWER
Attorney for HUGH DELA CRUZ